UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATED OF AMERICA,<br><br>v.<br><br>ANGEL ROSA, a.k.a "Little" and "Daddy" | No. 3:13-cr-00080(1) (MPS) |

### RULING ON MOTION TO WITHDRAW AS COUNSEL AND MOTION TO WITHDRAW PLEA

For the second time in this case, Attorney Robert Berke, court-appointed counsel for Defendant Angel Rosa #1, also known as "Little" and "Daddy," has moved to withdraw as counsel, asserting that the attorney client relationship has "irretrievably broken down," because Attorney Berke has refused to file certain motions and because Mr. Rosa has made claims that Attorney Berke has been ineffective. (Dkt. # 810.) Attorney Berke has also filed a motion to withdraw Mr. Rosa's guilty plea, although the motion notes that it has been filed "at the direction of the defendant, against the advice of his counsel." (Dkt. # 812.) Because neither motion is supported by the relevant law or the relevant facts, including the Court's own observations of Mr. Rosa and his counsel during previous hearings, both are denied.

### I.     Background

The Court has already spent approximately ten hours in three separate proceedings with Mr. Rosa, who, according to Government filings in this matter, was the leader of a 21-defendant conspiracy to distribute heroin in the City of Hartford. In each proceeding, the Court has had the opportunity to observe the interaction between Mr. Rosa and Attorney Berke in the courtroom. The first proceeding, held on December 18, 2013, was occasioned by the filing of an earlier motion to withdraw by Attorney Berke (Dkt. # 390), who was appointed by the Court to represent Mr. Rosa under the Criminal Justice Act on April 11, 2013, and who represented Mr.

Rosa at an arraignment, status conferences, and a motions hearing in this case before seeking to withdraw.  Attorney Berke's motion followed Mr. Rosa's sending of a letter to the Court, which referred to his relationship with Attorney Berke and which the Court docketed under seal and transmitted to Attorney Berke.  (*See* Dkt. #s 224 & 225.)  Mr. Rosa has subsequently sent other letters to the Court and has sought to file various pro se motions.  (*See* Dkt. #s 451, 739, and 740.)

At the December 18, 2013 hearing, the Court conducted a lengthy colloquy with Mr. Berke and, after advising Mr. Rosa of his rights and asking the prosecutor to step outside the courtroom, Mr. Rosa.  It was apparent to the Court at that hearing that Mr. Rosa was struggling to understand the manner in which drug quantities may be attributed to a defendant in a conspiracy case and as relevant conduct under the United States Sentencing Guidelines, and that this struggle was interfering with his relationship with Mr. Berke.  It was also apparent to the Court that Mr. Rosa was struggling to control his emotions and that his emotions were contributing to the difficulties in his relationship with counsel.   After a lengthy discussion, the Court took a recess and encouraged Mr. Rosa and Mr. Berke to have further discussions.[1]  Upon returning to the courtroom after the recess, the Court was advised that Mr. Rosa did not want Attorney Berke to pursue the motion to withdraw and Mr. Rosa indicated that he would continue to work with Attorney Berke.  The Court denied the motion.  (Dkt. # 408.)

The Court next observed Mr. Rosa and Attorney Berke interacting during jury selection, which lasted nearly the entire business day of January 8, 2014.  Jury selection was delayed for about an hour because Mr. Rosa and his two co-defendants initially refused to don the street clothes that their counsel had provided for them, insisting on proceeding to trial in their detention

---

[1] As the Court indicated on the record after the Government returned, the portion of the proceedings that took place outside the presence of the Government were transcribed and ordered sealed.

garb. After the Court intervened, Mr. Rosa and his co-defendants agreed to wear street dress shirts.[2]

The third proceeding took place at the end of the same day. Shortly after jury selection, the Court was advised that Mr. Rosa and his co-defendants wished to change their pleas to guilty. Beginning at 6:00pm and ending at about 9:00pm on the evening of January 8, 2014, the Court accepted the guilty plea of the three defendants. Mr. Rosa's change of plea proceeding occupied half of this time – longer than any change of plea canvass this Court has ever conducted. Mr. Rosa was placed under oath, and the Court went painstakingly with him through the questions required by Rule 11 of the Federal Rules of Criminal Procedure to ensure that he understood what he was doing, that he was satisfied with his counsel, and that he was pleading guilty knowingly and voluntarily. Mr. Rosa interrupted with many questions, and the Court responded to those questions. The Court ultimately accepted Mr. Rosa's guilty plea.

Mr. Rosa was interviewed by a United States Probation Officer in the presence of Attorney Berke on January 17, 2014. The final presentence report was filed on April 3, 2014. Mr. Rosa's sentencing is scheduled for May 15, 2014.

## II.     Motion to Withdraw As Counsel

The motion to withdraw as counsel is essentially a flare-up of on-again/off-again tensions between Mr. Rosa and Attorney Berke, the nature of which the Court has already observed first-

---

[2] During this discussion, Mr. Rosa, even after being advised of his rights by the Court and after being advised by Attorney Berke not to speak, asked the Court if he could file certain pro se motions. The Court asked Mr. Rosa to hand the motions to his lawyer. Mr. Rosa later apparently sent the motions to this Court on his own, seeking to file them pro se. In response, the Court issued the following order (Dkt. # 741): "Defendant Angel Rosa (1)'s 739 Motion, which was sent to defense counsel on February 10, 2014, is DENIED IN PART, and GRANTED IN PART. To the extent the defendant's pro se petition would be presented to the court for adjudication, the motion is denied because the defendant is represented by counsel who, in the exercise of his professional judgment and in light of his obligations as an officer of the court, appears to have concluded that the arguments in the petition should not be included in a memorandum in support of a motion filed by counsel. However, the motion is being granted to the extent that it is intended to reflect that the defendant wishes to preserve claims that would be rejected under current case law."

3

hand.  As such, it does not warrant a further hearing.  The Court will address the issues raised in this Ruling.

First, the fact that Attorney Berke has refused to file certain motions that Mr. Rosa wants him to file is not a sufficient basis to grant a motion to withdraw.  As the Court has explained to Mr. Rosa, orally and in an order placed on the docket (Dkt. # 741), it is up to counsel, as an officer of the Court and after receiving input from his client, to decide whether or not, in his professional judgment, to file particular motions with the Court.  That is not a client decision. *United States v. Calabro*, 467 F.2d 973, 985-86 (2d Cir. 1972) ("The American Bar Association Project on Standards for Criminal Justice concludes that a defendant is entitled to make the ultimate decision only in regard to whether to plead guilty, whether to waive a jury, and whether to testify; 'all other strategic and tactical decisions are the exclusive province of the lawyer after consultation with his client.'" (*quoting* Standards Relating to the Prosecution Function and the Defense Function, approved draft 1971, The Defense Function § 5.2)); *see also Jones v. Barnes*, 463 U.S. 745, 751 (1983) ("[No] decision of this Court suggests, however, that the indigent defendant has a constitutional right to compel appointed counsel to press nonfrivolous points requested by the client, if counsel, as a matter of professional judgment, decides not to present those points."); *United States v. Nersesian*, 824 F.2d 1294, 1322 (2d Cir. 1987) ("[N]ot every possible motion need be filed, but rather, only those having a solid foundation.  Counsel certainly is not required to engage in the filing of futile or frivolous motions.").

Second, it is apparent that there is a good reason that Attorney Berke declined to file the "Alleyne motion" referred to in the Motion to Withdraw, specifically, that the motion (which appears to be set forth in the pro se filing referred to in Docket #739) is not supported by any

legal authority, at least as applied to the facts here.[3]  Indeed, there is no apparent reason to file such a motion.  Similarly, it is apparent that there are good reasons Attorney Berke initially declined to file the motion to withdraw guilty plea (and later, after doing so, described it as "against the advice of counsel").  In none of his communications to the Court has Mr. Rosa ever suggested that he is actually innocent of all of the charged conduct, and the existing motion to withdraw plea does not make a claim of actual innocence.   It is, therefore, possible and even likely that, absent the plea agreement, Mr. Rosa would face even greater exposure than he already faces.  The plea agreement, for example, recites that, in return for pleading guilty, Mr. Rosa spared himself the possibility of a mandatory minimum sentence of 20 years' imprisonment under 21 U.S.C. § 851 (which allows for the imposition of increased punishment if the U.S. Attorney files an information indicating that the defendant was previously convicted of a felony drug offense), rather than a mandatory minimum sentence of 5 years' imprisonment.  There are no reasons known to the Court that pursuing a motion to withdraw plea would be in Mr. Rosa's best interests.

All of this undermines Mr. Rosa's claim that Attorney Berke has rendered ineffective assistance.  That claim also directly contradicts Mr. Rosa's admissions, under oath, at the change-of-plea hearing that he was satisfied with the advice received from Attorney Berke.  *Cf.*

---

[3] In *Alleyne v. U.S.*, 133 S. Ct. 2151, 2158 (2013), the Supreme Court held that factual findings that increase either the statutory maximum or the mandatory minimum must be submitted to the jury and found beyond a reasonable doubt.  The right to have this factual determination made by a jury may be waived, however, upon a defendant's entry of a guilty plea. *See Acosta v. U.S.*, No. 2:13-CV-0204, 2013 WL 6172123, at *3 (N.D. Tex. Nov. 25, 2013) ("[A]lthough *Alleyne* held that any fact that increases the mandatory minimum sentence is an 'element' that must be submitted to the jury and found beyond a reasonable doubt, defendant waived his right to a jury trial when he pled guilty." (internal quotations marks and citation omitted)).  During the change of plea hearing, while under oath, Mr. Rosa agreed that it was true that he had entered into an arrangement with others to distribute 100 grams or more of heroin, which is the quantity of drugs that triggers the mandatory minimum under 21 U.S.C. § 841(b)(1)(B).  Therefore, the quantity of drugs used to determine his qualification for a mandatory minimum sentence of 5 years' imprisonment is an element to which Mr. Rosa has definitively admitted, and there has been no violation of the rule of *Alleyne*.  Further, Mr. Rosa's plea agreement unequivocally stipulates that "[t]he defendant agrees and acknowledges that his relevant and reasonably foreseeable offense conduct involved at least one kilogram of heroin, 500 grams of cocaine and 24 grams of cocaine base ('crack')."  (Dkt. # 479.)

*United States v. Gonzalez*, 970 F.2d 1095, 1101 (2d Cir. 1992) (no evidentiary hearing on defendant's motion to withdraw plea where his claim "directly contradicted his clear statements at allocution"). In any event, Mr. Rosa's bare allegations of ineffective assistance do not provide a basis for granting the motion to withdraw as counsel.[4]

Finally, the Court's own observations of the relationship between Mr. Rosa and Attorney Berke make clear that Mr. Rosa is primarily at fault for any breakdown in communications. As illustrated by the procedural history described above, he has been a difficult client throughout these proceedings, even by the standards of the criminal justice system. His responsibility for the breakdown in the relationship – which may yet be repaired, as it was in the past – also weighs against granting the motion to withdraw. *United States v. John Doe #1*, 272 F.3d 116, 123, 125 (2d Cir. 2001) (holding that defendant's own conduct contributing to communication breakdown is factor to consider in whether to grant motion to substitute counsel and finding that "it was eminently reasonable for the district court to conclude that Findley was the source of the breakdown in communications between Findley and Stapleton and therefore that substitution of new counsel was unlikely to solve the problem.").

### III. Motion to Withdraw Plea

The motion to withdraw plea was filed some four months after Mr. Rosa pled guilty, admitted his guilt, and entered into the plea agreement, and less than two weeks before

---

[4] Although the Court has discretion over whether to consider an argument of ineffective assistance prior to judgment, *see United States v. Brown*, 623 F.3d 104, 113-14 (2d Cir. 2010), it declines to do so except to note that it is unaware of any basis for such a claim and that it will not grant the motion to withdraw as counsel or the motion to withdraw plea on this ground. Mr. Rosa's final claim in this regard, which is that Attorney Berke rendered ineffective assistance "because he let his state court criminal convictions count towards the calculations of his criminal history against Alleyne," similarly does not describe conduct that would meet the standard of ineffective assistance under *Strickland v. Washington*, 466 U.S. 668 (1984). For example, Mr. Rosa's failure at any point to assert a claim of innocence – and his apparent desire to challenge drug quantity, as opposed to his liability for the conspiracy count – itself undermines his claim of ineffective assistance in the context of plea negotiations, because he cannot show that there is a reasonable probability that were it not for any errors by his lawyer, he would have proceeded to trial. *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). Nor has he shown that he was furnished inaccurate information in connection with his decision to plead guilty.

sentencing.  It is suspect on that basis alone.  *Gonzalez*, 970 F.2d at 1100 (considering timing of motion to withdraw plea as factor in determining whether to grant it).  In addition, none of the bases identified in the motion provide grounds for granting the requested relief.  Again, the claim of ineffective assistance is unsupported.  As to Mr. Rosa's claim that he "should have been able to challenge 'the relevant drug quantities assigned to him by the government,'" it is unclear how this could have been accomplished on Mr. Rosa's behalf without exposing him to a twenty-year mandatory minimum and also, perhaps, even greater drug quantities than those attributed to him in the plea agreement.

Further, to the extent Mr. Rosa might argue that the motion to withdraw plea is itself incomplete or the flawed product of conflicted representation, the Court adds that it is unaware of any "fair and just reason," Fed. R. Crim. P. 11(d)(2)(B), to allow Mr. Rosa to withdraw his guilty plea.  As noted, the Court is unaware of any claim of actual innocence.  *United States v. Lopez*, 385 F.3d 245, 253 (2d Cir. 2004) (whether defendant is asserting his innocence is one factor courts consider in deciding whether to permit a defendant to withdraw his guilty plea); *United States v. Doyle*, 981 F.2d 591, 596 (1st Cir. 1992) ("Courts look more hospitably on a motion to withdraw a guilty plea when the motion is coupled with an assertion of innocence.").  A desire to challenge drug quantity is not a claim of actual innocence.  In addition, the Court conducted an exhaustive change of plea canvass of Mr. Rosa and, while under oath, Mr. Rosa confirmed that he was waiving his rights, pleading guilty, and entering into the plea agreement freely, knowingly, and voluntarily and after consideration of the advice of his counsel, with whom he was satisfied.[5]  Mr. Rosa did so some four months ago, after observing a full day of

---

[5] Although the motion to withdraw plea repeatedly states that the defendant is seeking to withdraw his guilty plea, the Court notes that, were the defendant to seek to withdraw from his plea agreement only (and not his guilty plea), it would deny that motion too, for the same reasons discussed in the text.  *See Lopez*, 385 F.3d at 255 (although Rule

7

jury selection in this case, and after being exhaustively advised of his rights and the consequences of pleading guilty. Neither the motion to withdraw plea filed by counsel, nor any information Mr. Rosa has ever presented to the Court through his various letters and pro se motions, has presented "significant questions concerning the voluntariness or general validity of the plea," and thus it is unnecessary to hold a hearing on this motion. *Gonzalez*, 970 F.2d at 1100. The fact that Mr. Rosa is now apparently having second thoughts about his plea agreement and the possible consequences is not a basis to allow him to withdraw his guilty plea. *Id*. ("The fact that a defendant has a change of heart prompted by his reevaluation of either the Government's case against him or the penalty that might be imposed is not a sufficient reason to permit withdrawal of a plea.")

### IV.   Presentence Report

The Motion to Withdraw as Counsel indicates that Mr. Rosa has refused to discuss the Presentence Report and sentencing strategy with Attorney Berke. Mr. Rosa has a right to review the Presentence Report and to discuss it with his attorney. But he can choose to waive that right. While the Court urges Mr. Rosa to review the Presentence Report and discuss it with Attorney Berke, because doing so can only assist Attorney Berke's sentencing advocacy, the Court also puts Mr. Rosa on notice that should he choose to continue in his refusal to discuss the Presentence Report with Attorney Berke, the Court will find that he has waived his right to discuss the Presentence Report with his attorney. Sentencing will proceed as scheduled on May 15, 2014 whether or not Mr. Rosa chooses to exercise his rights.

---

11 does not apply to such motions, adopting Rule 11 standard of "fair and just reason" in determining whether to allow defendant to withdraw from plea agreement).

IT IS SO ORDERED.

/s/

Michael P. Shea, U.S.D.J.

Dated:	Hartford, Connecticut
	May 5, 2014